**FILED**

AUG 29 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Case: 1:11-cv-01577
Assigned To : Collyer, Rosemary M
Assign. Date : 8/29/2011
Description: Pro Se Gen. Civil

| | | |
|---|---|---|
| Vincent Michael Marino | ) | Federal Tort Claim |
| 14431-038 USP Pollock | ) | |
| P.O. Box 2099 Pollock, Louisiana 71467 | ) | Civil Action #: |
| Plaintiff, | ) | |
| V. | ) | *Administrative Tort Claim #TRT-SCR-2010-* |
| United States of America | ) | *3-8-2011.                06783.* |
| Defendant's. | ) | District Judge_____. |
| | ) | ***JURY TRIAL DEMAND*** |
| | ) | August 18th, 2011. |

# PLAINTIFF MARINO'S FEDERAL TORT CLAIM AGAINST THE UNITED STATES OF AMERICA FOR NEGLIGENCE FROM DEPARTMENT OF JUSTICE EMPLOYEES WARDEN W.A. SHERROD & LEGAL ADVISOR JODI WAMPLER

# NEGLIGENTLY SEIZING MARINO'S OUT GOING LEGAL MAIL

# ON AUGUST 31, 2010, & NEGLIGENTLY COVERING UP ADDITIONAL NEGLIGENCE DESCRIBED IN MARINO V. CIA, ET AL., CIVIL ACTION #11-CV-813-RMC. (Washington, D.C.2011)

---

*Affidavit of Vincent Michael Marino via: Fed.R.Crim.P. Rule 56(f)*

## Background

[1] On August 31, 2010, Marino requested that the United States of America Department of Justice's employee Ms. Jodi Wampler "Notarize" Marino's civil/commercial legal document which is filed against ***Partners Health Care Systems Incorporated, Boston, Massachusetts,*** whom is liable for criminal, civil & commercial violations against Marino, as Marino possesses core independently corroborated medical, Court, affidavit & technological documentation proving that Marino was on November 24, 1996 while under general anesthesia at the Massachusetts General Hospital Boston, Massachusetts (Owned by Partners Health Care Systems Inc.) covertly implanted numerous devices in Marino's brain & body without Marino's valid consent & without a valid court warrant in support, See *Marino v. Gammel, 191 F.Supp.2d*

\

RECEIVED
Mail Room

2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

*243-256 (D.Mass.2002). United States of America's employees W.A. Sherrod & Jodi Wampler's core **negligence** by seizing Plaintiff Marino's out-going legal mail which contained a complaint against: Partners Health Care Systems Inc. generating this Federal Tort Claim.*

[2] United States of America's government employees: Warden Sherrod's Legal Counsel & adviser ***Ms. Jodi Wampler***, refused to "Notarize" Marino's legal document & retaliated against Marino, by ***"Negligently"*** seizing Marino's outgoing legal mail for filing a complaint against Partners Health Care Systems Incorporated Boston, Massachusetts by ordering Marino's placement in a filthy inhuman cell for over 2 hours without explanation, & "Negligently" preventing Marino's complaint against Partners Health Care Systems Inc. as described supra. According to the FTCA puts the government in the shoes of United States Department of Justice's Federal Bureau of Prisons employees: Warden W.A. Sherrod & his Legal Advisor Ms Jodi Wampler.
 See Landham v. Taylor, 68 Fed. Appx. 608, 609-10 (6th Cir.2003); Knowles v. United States, 91 F.3d 1147, 1150 (8th Cir.1996). This must be so not only for liability purposes but evidentiary purposes as well.

[3] Additionally, Warden's Legal Advisor ***Jodi Wampler***, ***"Negligently"*** prevented Marino from sending out Legal Mail/Certified Mail/Return Receipt #7009-2250-0002-8180-8330 attached to Marino's manila envelope stamped & dated & addressed to Partners Health Care Systems Inc., by negligently seizing it, which contained Marino's complaint against Partners Health Care Systems Incorporated Boston, Massachusetts, which shows Partners criminal, civil & commercial violations against Marino, both historic & current.

[4] Moreover, while Marino, was being ***"Negligently"*** retaliated against via supra, ***Jodi Wampler*** went to Marino's Cell #437, C-4 unit and trashed Marino's Legal Work, Court Documents both Criminal and Civil actions see as follows: Criminal action *U.S. v. Marino*, CR-97-40009-NMG., Civil action: *Marino v. Gammel*, 191 F.Supp.2d 243 (D.Mass.2002), Criminal action: *U.S. v. Marino*, CR-97-10026-JLT., Civil action: *Marino v. Kastner*, 10-cv-664-DLR. (W.D.Oklahoma,2010), and ripped Marino's young sons picture in half.

 Also United States Department of Justice Employee Ms. Jodi ***Wampler "negligently"*** stole 12" of assorted legal work, supra, done as retaliation against Marino for filing a complaint against Partners Health Care Systems Inc., without any transparent corresponding accountability. [N]ote United States Department of Justice employee Ms. Jodi Wampler ***"Negligently"*** deemed Marino's complaint against Partners Health Care Systems Inc., as contraband?

### See **Exhibit:** *Confiscation and Disposition of Contraband Receipt/U.S. Department of Justice/Federal Bureau of Prisons, dated August 31, 2010, signed by Jodi Wampler.*

[5] Additionally, the seized legal documents are on record with the United States Attorney General's Office & specifically sent to the Honorable Eric Holder, Attorney General, whom forwarded to the Executive office of the United States Attorney's (EOUSA'S), whom reviewed it & suggested that Marino should appeal to the DOJ's Office of the Inspector General (OIG), at 950 Pennsylvania Avenue, N.W., Room 4706, Washington, DC 20530, for further investigation.

Marino exhausted his administrative remedies See **BP-11 Administrative Remedy ID# 607197-A1.** Also See **Administrative Tort Claim No. TRT-SCR-2010-06783**, denied on March 8, 2011, via certified mail #7005-1820-0002-2454-1355 from U.S. Department of Justice Federal Bureau of Prisons South Central Regional Office 4211 Cedar Springs Road, Suite 300 Dallas, Texas 75219. See Exhibit: FBOP signed by Jason Sickler Regional Counsel, enclosed herein, in support.

See **Exhibit:** *U.S. Department of Justice Executive Office of the U.S. Attorneys Washington, DC 20530, General Counsel's office dated February 19, 2010, signed by General Counsel Jay Macklin.*

## Issues Presented For Review

[6] **Ground One**: Whether the United States of America committed **negligence** when United States Department of Justice employees Legal Advisor **Jodi Wampler & Warden W.A. Sherrod** seized Marino's Complaint Legal Mail, **"negligently"** commercial & civil court documents on August 31, 2010, without Marino's permission & without a valid court warrant preventing Plaintiff Marino's out-going legal mail from being sent in the United States Prison Legal Mail Room to be sent out to Partners Health Care Systems Inc., a non government agency?

**Ground Two:** Whether the government's **negligence** against Plaintiff Marino preventing Marino from proving that he may be suffering from "irreparable harm" because of the implanted devices in Marino's brain & body by the United States government depicted in his Complaint against Partners Health Care Systems Inc., by United States Government Officials: **USP Pollock's Legal Advisor: Jodi Wampler & USP Pollock's Warden W.A. Sherrod's negligently** seizing Marino's legal civil, & commercial complaint & documents which would have shown that Marino is suffering from life threatening historic & current governmental experiment **negligently** being covered up by United States Governmental officials W.A. Sherrod Warden of the United States Penitentiary Pollock & Warden Sherrod's Legal Advisor Jodi Wampler **negligently** conspiring with the defendants/agency described in Marino's current civil action depicted under Marino v. Central Intelligence Agency (CIA), et al., civil action #11-cv-813-RMC.(District of Columbia Washington 2011), docketed on April 29th, 2011.

Showing which shows egregious governmental **negligence** against Plaintiff Marino from November 24, 1996 through current date 2011 without any transparent corresponding accountability.

**Ground Three:** Whether United States Department of Justice Officials: **Sherrod & Wampler retaliated** against Marino for filing prior administrative remedies & Section 2241's, preventing Marino from proving additional governmental negligence showing that Plaintiff Marino is implanted **"negligently"** with a device or devices in his body & or brain by government officials & Corporation: Partners Health Care Systems Incorporated, by

3

government's seizing Marino's Legal Mail, Court documents, criminal, civil & commercial legal documents generated governmental core negligence, interference & misconduct?

**Ground Four:** Whether  governmental officials *"Negligence" Wampler & Sherrod's* actions on August 31, 2010, supra, by *"Negligently"* seizing Marino's legal mail, civil, criminal & commercial legal documents, preventing Marino from receiving a MRI test exam to Marino's entire body, to ascertain whether the government agents statements to Marino that he was implanted with electronic devices in his body while Marino was under general anesthesia at the Massachusetts General Hospital, Boston, Massachusetts on November 24, 1996, for a gunshot wound to Marino's upper left buttocks area of his body while under FBI roving surveillance Court & Executive Order from November 13, 1996 to December 13, 1996, in which the implanted devices are causing Marino potential irreparable harm, nose bleeds, headaches & sleepless nights? See *Exhibit/Appendix: Office of Professional Responsibility Investigation Report*

## Warden Sherrod & Counsel Jodi Wampler's Actions to Cover up & Retaliation against Marino, by Blocking, Marino from Proving & Showing That He Is a Unwilling Government Experiment

[7] It appears that *Warden Sherrod* & his Legal Counsel *Ms. Jodi Wampler*, may be *"negligently"* blocking a Federal investigation, Marino's access to the Courts, Criminal, Civil & Commercial forums & covering up egregious misconduct by certain governmental employees & a Multi-Billion Dollar Corporation's outrageous inhuman misconduct against Marino, since November 24, 1996 & since the devices remain implanted in Marino, the Criminal, Civil & Commercial Statutes of Limitations has not ended & this criminal, civil & commercial conspiracy remains continuous & on going, as Marino requests an "Independent Counsel" investigation utilizing subpoena powers,
 Further to root out the truth.

[8] Marino requests an opportunity to cross examine Counsel: *Jodi Wampler* & *Warden Sherrod* on the witness stand as well as other culpable individuals, concerning their cover ups & retaliatory actions against Marino. And for the respondents & government to produce all *"Immunity Agreements"* that was granted to Respondents *Sherrod & Wampler*, immunizing them to tamper with Marino's United States Mail & showing that Warden Sherrod & Legal Advisor is also *"Negligently"* covering up the historic & current covert human experiments being conducted on Marino's brain & body in collaboration with the defendants in Marino v. CIA, et al., civil action #11-cv-813-RMC., (Washington, D.C. 2011) assigned to judge Rosemary M. Collyer, United States District Court Judge District of Columbia, under Federal Rules of Civil Procedure Rules 34 & 34(a), & Rules 26-37.

## Because of Government's Core Negligence Against  Marino, Preventing  Marino From Showing That Marino Could be Suffering Irreparable Harm Because of the Devices Implanted In His Body &

4

**Brain Is Generating Electromagnetic Radiation to & from His Body & Brain Without his Valid Consent & Without a Valid Court Warrant By Those Known & Unknown Corporation & Government Intelligence Agents, Military & Federal Agents By:**

**Negligently Preventing Marino's Legal Mail Complaint Against Partners Health Care Systems Inc from Being Sent out via United States Mail to Partners Health Care Systems Incorporated**

### Requiring an MRI Test Exam to Marino's Entire Body

[9] Marino, additionally requests a Magnetic Resonance Imaging (MRI), test exam to Marino's entire body & brain, under *Fed.R.Civ.P. Rule 35 (Medical Test Exam)* to ascertain the locations of the implanted devices in Marino's brain & body implanted by the United States government & Partners Health Care Systems Incorporated are culpable in Marino's claims, at Marino's financial expense. Marino could place $5,000 in an escarole medical MRI account towards the test exam, and the results could be sent to this Court, the Office of Professional Responsibility (OPR), Inspector General & Independent Counsel.

[10] Also because of the United States Government's core negligence.

Marino is suffering *"irreparable harm"* while the devices remain implanted in Marino's entire body& brain which is historically November 24, 1996 & currently 2011 transmitting & receiving electromagnetic radiation intelligence (RADINT) to & from Marino's brain & body without Marino's valid consent & without a valid court warrant. Generated *Marino v. CIA, et al., civil action #11-cv-813-RMC. (Washington D.C.2011),* Marino v. Gammel, 191 F.Supp.2d 243-257 (D.Mass.2002), Marino v. Massachusetts General Hospital, et al., civil action #5655H. Suffolk County Suffolk Superior Court Boston Massachusetts, showing some background.

See **Exhibit:** *X-Ray Report Number 4238607,* by Massachusetts General Hospital (MGH), Boston, Massachusetts. Generated on November 27, 1996, showing Marino has an *"Artifact"* implanted in his abdominal long after the entire bullet was removed by the MGH, on November 24, 1996.

**Appendix** *#47-50.* According to the 26th Edition of Dorland's Medical Dictionary copyright 2001 ISBN #0-7216-8281-2 page 87, states as follows:

*"arti-fact: (ahr'ti-fakt") any artificial (manmade) product; anything not naturally present, but introduced by some external source."*

Also see On October 12, 2001, an additional X-Ray was conducted on Marino by the United States Department of Justice showing Marino is implanted with additional *"Foreign Bodies"* in

5

his torso. See X-Ray #11157, by Radiologist Dr. M. Berman, M.D. See **Appendix #51 (X-Ray Results).**

## Memorandum

## Of Law in Support

### Government Officials Warden Sherrod & Legal Advisor Jodi Wampler's Core Negligence Against Marino

[11] Of whether inmate has alleged governmental negligence involves two steps: whether any inmate's inherent rights are infringed by the alleged conduct and, if so, whether that infringement rises to the level of a negligence violation given the specialized standard of review applied to prison regulations and practices. Prisoners (Marino) do not forfeit their rights to use of the mails. Governmental Officials: *Sherrod & Wampler* seizing Marino's Legal Mail Civil & Commercial documents enclosed in a stamped envelope with attached Certified Mail/Return Receipt upon it preventing it from being sent out to Partner Health Care System Inc., a corporation whom is culpable in criminal, civil & commercial liabilities, infringes communications protected against governmental negligence such practice chills protected expression and may *"negligently"* inhibit inmate's (Marino's), ability to speak, protest, and complain openly, directly, and without reservation to court, from filing a complaint in commercial, civil, & criminal forums or tribunals.

### Marino Suffered Actual Injury To Send Partners Health Care Systems Inc., Its Third Notice Timely When Defendant United States: Wampler At Warden Sherrod's Direction "Negligently" Seized Marino's Outgoing Legal Mail/Certified Mail/Return Receipt #7009-2250-0002-8180-8330

[12] Titled: on manila envelope: *Marino v. Partners Health Care Systems Inc.,* with certified mail/return receipt #7009-2250-0002-8180-8330, attached to manila envelope & over $6.00 in United States, .44 cent stamps applied to manila envelope ready to mail out in prison mail room. Marino clearly showing actual injury since August 31, 2010, United States defendant, *Warden Sherrod &* his *Counsel Jodi Wampler*, failed to return Marino's Legal Mail described supra & other, Criminal, Civil, & Commercial legal documents, as of this current date of this filing well over 9 months. Moreover, prison staff is also forbidden to even reading of prisoner's (Marino's) legal mail, clearly *"negligently"* infringes prisoner's Marino's complaint against Partner Health Care Systems Inc.

## United States Government Negligently Seizing Marino's Legal Mail, Commercial, Civil, & Criminal Documents Liable Under The Federal Tort Claims Act Civil Action And Are Not Entitled To Qualified Immunity

[13] Prison officials *were not* entitled to qualified immunity with respect to inmate's (Marino's) claim that officials *"negligently"* violated Marino's inherent rights by seizing, opening, reading & copying Marino's legal mail, legal work outside the presence of Marino, & preventing his legal mail from going out, contours of officials' legal obligation under the regulation and were sufficiently clear that reasonable official would understand the reading, opening & seizing Marino's legal mail, commercial, civil, & criminal documents outside of Marino's presence generated core *"Negligence."* This conduct by Defendants: United States (*Sherrod & Wampler*) is actionable under the Federal Tort Claims Act.

United States of America's Federal Bureau of Prisons Warden W.A. Sherrod & his Legal Advisor Jodi Wampler's core *"Negligence"* for confiscating Marino's out-going legal mail that was contained in a Legal Manila Envelope with over $6.00 in United States Postage & a Certified Mail tag attached to it addressed to a non government agency a Billion Dollar Corporation: Partners Health Care Systems Inc., based in Boston, Massachusetts owners of the Massachusetts General Hospital, Boston, Massachusetts.

MGH which help conduct the covert implantation of numerous devices in Plaintiff Marino's brain & body while Marino was under general anesthesia for a *"ruse"* laparoscopic exploratory surgery & bullet removal from a gunshot wound to Marino's left upper buttock's area of Marino's body on November 24, 1996 without Marino's valid consent & without a valid court warrant.

 Which the conduct of the United States Department of Justice officials Warden Sherrod & Legal Advisor Wampler's negligence generated this Federal Tort Claim & *Marino v. Central Intelligence Agency, et al., civil action #11-cv-813-RMC. (District of Columbia Washington 2011)* lawsuit pending against 29 separate Federal, Defense & Intelligence agencies defendants, pending in Washington, D.C. *Negligently* blocking Marino from filing a complaint against Partners Health Care Systems Inc showing Partners Health Care Systems Incorporated core "negligence against Marino" & *"Negligently"* preventing Marino from proving that Marino is suffering further irreparable harm from the implanted devices continuously generating radiation (RADINT) intelligence transmitting & receiving electromagnetic radiation to & from the implanted devices in Marino's brain & body causing Marino "irreparable harm since November 24, 1996 through & continuously 2011."

## United States Government's Warden Sherrod & General Counsel Jodi Wampler, must follow the Rules included:

[14] *"Standards relating to the government lawyers of Prosecution Function" which in* **PF 7(A)** *reiterated this requirement, in addition, PF provided that, "It is unprofessional conduct for government lawyers (***Jodi Wampler***), to intentionally misrepresent matters of fact or law to the Court or government."*

Note the current counter-parts of the relevant standards are in **Rule 3:07** of the Louisiana Rules of Professional Conduct, including **Rules 3.4(a) and 3.8(d).** Fundamental fairness and public confidence in government employees ***W.A. Sherrod*** & ***Jodi Wampler***, officials require that the government be held to "meticulous standards of both promise & performance." See *Correale v. U.S.*, 479 F.2d 944, 947 (1st Cir.1973).

## *Additional Memorandum of Law*

[15] FTCA's broad waiver of immunity does not apply here. Williams v. United States, 50 F.3d 299, 304 (4th Cir.1995); See also Hydrogen Technology Corp. v. United States, 831 .2d 1155, 1162, n.6 (1st Cir.1987).

[16] Plaintiff Marino have carried this burden by showing that government employee's USP Pollock's Warden: W.A. Sherrod & his Legal Advisor Ms. Jodi Wampler's *"Negligent"* actions against Plaintiff Marino strayed outside of the bounds set on their discretion by Statute, and their own rules & regulations. Or rules that bind them. See Muniz-Rivera v. United States, 326 F.3d 8, 5 (1st Cir.2003). Where government agents (Sherrod & Wampler) took illegal negligent actions, as when they acted outside their discretion when they *"Negligently"* seized Marino's out-going legal mail on August 31, 2010, which contains a complaint against Partners Health Care Systems Inc showing a much greater form of governmental "negligence" which Sherrod & Wampler are involved & negligently covering up.
Where their actions of Negligence against Plaintiff Marino described supra they acted outside of their discretion. Where their actions were in violations of the Department of Justice's rules & regulations, they acted outside their discretion.

[17] The **Federal Tort Claim Act, 28 U.S.C.S. Sections 1346(b), 2671-2680**, represents a general waiver of federal sovereign immunity for tortuous acts and omissions of federal employees.

[18] The law enforcement proviso applies only to covered actions (like malicious prosecutions) that "arise" after the effective date of the **FTCA, 28 U.S.C.S. Section 1346(b), 2671-2680. 28 U.S.C.S. Section  2680(h).**

[19] The **FTCA, 28 U.S.C.S. sections 1346(b), 2671-2680**, looks to state law to flesh out the elements of particular torts. **28 U.S.C.S. Section 1346(b)(1).**

[20] To prevail on a claim of negligence or malicious misconduct by the United States (Warden Sherrod & Legal Advisor Wampler), a suitor must prove that the defendants (Sherrod &

8

Wampler) *(i)* instituted negligence *(ii)* with malice and *(iii)* without probable cause, and *(iv)* that the negligent actions of the United States (Sherrod & Wampler) were terminated in the inmates (Plaintiff Marino's) favor. See *Marino v. CIA, et al., civil action #11-cv-813-RMC., (Washington, D.C. 2011)* Marino v. United States of America, civil action #_____, (Washington, D.C.2011) herein filed Federal Tort Claim lawsuit, pending civil action number.

[21] In broad brush, an individual United States Government employees: (Sherrod & Wampler) may be said to have attempted to institute criminal proceedings against Plaintiff Marino for filing his complaint against Partners Health Care Systems Inc., by fraudulently stating that Marino has filed or attempted to file a *"False Lien"* on a federal judge or federal employee. First, Marino did not file anything false against anyone. Second, Marino did not file a lien against a federal judge or federal employee. Thus, Marino could have filed a valid lien against anyone including a federal judge or a federal employee as long as it is a valid lien.

 [22] The paradigmatic example exists when a person formally swears out a criminal complaint against another person. But malicious prosecution is by no means restricted to this paradigm. If the individual induces another person (Warden Sherrod inducing Legal Advisor Wampler to seize Marino's Legal Mail & legal work), to lodge formal criminal charges, he may be held to have instituted or attempted to institute the criminal proceedings. So, too, if the individual either exercises a peculiar degree of control over the charging official or adamantly presses that official to bring a criminal complaint, he may be held responsible for the institution of the prosecution or attempted prosecution.

Warden Sherrod's Legal Advisor Ms. Jodi Wampler's stipulated to Plaintiff Marino that she is referring Marino's seized out going legal mail which contains Marino's *"VALID"* complaint against Partners Health Care Systems Inc., to the FBI & United States Attorney's Office for prosecution. A form of retaliation & core negligence by the United States ( United States Department of Justice, Federal Bureau of Prisons employees Warden W.A. Sherrod & Legal Advisor Ms. Jodi Wampler)

 *United States government officials: Warden W.A. Sherrod acquiescence to United States government official Legal Advisor Jodi Wampler's negligence against Marino on August 31, 2010.*

 Which Marino did not commit any violations of any Federal & or State Statutes. Warden Sherrod's response to Marino Administrative Remedy BP-9 independently corroborates Warden Sherrod's approval of Legal Advisor Jodi Wampler's core Negligence against Marino, when Warden Sherrod failed to order the return of Marino's Legal Mail & Pending Court documents & legal work. See Warden Sherrod's Legal Advisor Jodi Wampler's Receipt showing she seized 12" of Marino's legal mail & legal work pending Court documents on August 31, 2010, *"Negligently."* See Warden Sherrod's response to Marino's Administrative Remedy BP-9 **Remedy ID #607197-F1** in support herein.

[23] The proven findings of negligence by the United States are based on the totality of United States (Warden Sherrod's & Legal Advisor Wampler's) conduct as described supra, of which those claims are not only part of a much larger form of "Negligence" by the United States which Warden Sherrod & Legal Advisor Wampler inadvertently help expose through their core "negligence" against Plaintiff Marino.

That totality cannot remotely fit within the discretionary function exception without doing violence to every thing for which our country stands. As its title implies, the discretionary function exception immunizes only the conduct of agents & U.S. Dept. Of Justice employee exercising judgment within their lawful discretion *NO* government actor has "discretion to *"Negligently seize Plaintiff Marino's out-going legal mail"* which contains a complaint against a non-government entity for additional negligence that the defendants United States of America are wholly negligently involved in. See *Marino v. CIA, et al., civil action #11-cv-813-RMC. (Washington, D.C. 2011).* Also see Marino v. Gammel, 191 F.Supp.2d 243-257 (D.Mass.2002), Marino v. Massachusetts General Hospital, et al., civil action #99-5655H, filed in Suffolk County Boston, Massachusetts, Suffolk Superior Court.

[24] The mere provision of false information cannot alone ground a malicious continuation finding.

More is required, such as an insistence that the attempted prosecution go forward even after it has become clear that probable cause is lacking.

 Marino did not file a false lien against anyone.

 Marino did not file a false lien against a federal judge or a federal employee.

Marino filed a **VALID** complaint against Partners Health Care Systems Inc., whom played a central role in the November 24, 1996 implantation of numerous devices in Marino's brain & body while Marino was under general anesthesia for a *"Ruse"* Laparoscopic exploratory surgery at the Massachusetts General Hospital, Boston, Massachusetts without Marino's valid consent & without a valid court warrant.

MGH is owned by Partners Health Care Systems Inc. a multi billion dollar corporation who recently retained high powered lawyer & former chief Suffolk County District Attorney of Boston now in private practice Mr. James Hamrock, used to cover up the historic & current egregious Negligence experiment conducted on Marino that United States (Warden Sherrod & Legal Advisor Wampler) is so intent to *negligently cover up,* as their negligent conduct so supports.

[25] Under Massachusetts & Louisiana State Law, an individual is liable for intentional infliction of emotional distress when he (United States Warden Sherrod & She United States Legal Advisor Wampler) by extreme and outrageous conduct and without privilege, causes severe emotional distress to another Plaintiff Marino, described supra.

[26] Congress did not waive the federal government's immunity from actions arising out of malicious negligence until it enacted the law enforcement proviso in 1974, long before United States: Sherrod's & Wampler's *negligence* & their cover up of the November 24, 1996 while Marino was under general anesthesia implantation of numerous devices in Marino's brain & body without Marino's valid consent & without a valid court warrant.

[27] Although courts sometimes have referred loosely to **28 U.S.C.S. section 2680(h)** as an "intentional torts" exception to the general waiver contained in the Federal Tort Claims Act, 28 U.S.C.S. sections 1346(b), 2671-2680, the provision only preserves the federal government's immunity with respect to claims arising out of certain enumerated torts. Because intentional infliction of emotional distress never has been on the roster of excluded torts listed in **Section 2680(h),** intentional infliction claims are not per se barred by the provision. Be that as it may, the reach of **Section 2680(h)** is not limited to specifically enumerated torts. Rather, that provision deprives a district court of jurisdiction over a claim whenever the claim is, or arises out of, a specifically enumerated tort. This framework applies to claims for intentional infliction of emotional distress on Plaintiff Marino.

[28] Plaintiff Marino has the right to plead alternative theories of liability, **Fed.R.Civ.P. 8(d),** and their exercise of that right does not debar Marino from an independent review of each set or claims.

[29] Plaintiff Marino claims *intentional infliction of emotional distress* to make out that claim under Massachusetts & Louisiana law, Marino must prove the following:

(1) That the defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his United States: (Sherrod's) & her United States: (Wampler's) conduct;

(2) That the conduct was extreme and outrageous was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

(3) That the actions of defendant (United States of America) Sherrod & Wampler were the cause of the Plaintiff Marino's distress; and

(4) That the emotional distress sustained by Plaintiff Marino was severe and of a nature that no reasonable man could be expected to endure it. The November 24, 1996 implantation of numerous devices in Marino's brain & body while under general anesthesia by the United States of America's employee's Federal Bureau of Prisons, Department of Justice, Department of Defense, CIA, NSA, NASA, DIA, GIA, FBI, DEA, others known & unknown & thereafter the 1996 through current date 2011 egregious negligent experiment of Marino's brain & body at Marino's physical & mental health expense without Marino's valid consent & without a valid court warrant, causing Marino both irreparable harm & emotional distress, generated from United states "Negligence" precluding Marino's out-going legal mail/complaint against Partners Health Care Systems Inc., showing supra, was negligently seized by the United States Sherrod & United States Wampler.

11

[30] The clearly erroneous standard loses no vigor even when the lower court's findings do not rest on credibility determinations, but based instead on physical or documentary evidence or inferences from other facts. (Federal Bureau of Prisons/ Department of Defense/Intelligence Agencies, United States Department of Justice's video surveillance of Marino showing paranormal, esoteric, extraordinary phenomena results from the November 24, 1996 brain & body implants is independently corroborated with the video surveillance data) also showing that a historic & current experiment, research & development, study is both historic & current being conducted on Marino which is causing Marino *"irreparable harm"* mental duress & mental anguish & *emotional distress.* The application of clear-error review to findings drawn from a paper record, video surveillance has been the practice in the U.S. Court of Appeals. Fed.R.Civ.P. Rule 52(a), as United States Warden Sherrod & Legal Advisor Wampler's *Negligence facilitated a covered up.*

[31] A finding of extreme and outrageous conduct may be grounded either on actual knowledge of on a defendant's deliberate disregard of a substantial probability that his & her actions will produce severe emotional distress, generated from Defendant United States (Sherrod & Wampler's) core *negligence*, described supra.

[32] Claims for intentional infliction of emotional distress may be founded on a pattern of misconduct.

[33] A duty to prevent harm to others arises when one creates a dangerous situation, whether that situation was created intentionally or *negligently.* United States government's Wampler & Sherrod's negligence by covering up more serious negligence described in Marino v. Gammel, 191 F.Supp.2d 243-257 (D.Mass.2002) & via *Marino v. CIA, et al., civil action #11-cv-813-RMC. (Washington D.C.2011)* negligently blocking Marino from proving he is suffering irreparable harm from United States government's surgery on Marino on November 24, 1996 while placed under general anesthesia  the government negligently implanted Marino with numerous devices in Marino's brain & body without Marino's valid consent & without a valid court warrant. The implanted devices remain implanted in Marino's brain  body causing Marino irreparable harm, generating a *"compelling need"* means that failure to obtain requested records on an expedited basis under this civil action could reasonably be expected to pose an imminent threat to the life or physical safety of an individual Plaintiff Marino if the government fails to immediately stipulate to the locations of the electronic implanted devices in Marino's brain & body & whether the devices is causing Marino any irreparable harm from the radiation intelligence transmitting & receiving to & from Marino's brain & body negligently.

[34] Causation is a fact bound issue and, as such, is normally left to the trial of facts. The causation inquiry has *two components*: (1) proof that the harm would not have occurred but for the defendant's misconduct and (2) proof that the defendant was a proximate cause of the harm. These two components may be thought of as causation in fact and legal causation.

[35] Under Massachusetts & Louisiana state law proximate cause turns largely on the foreseeable of the harm. Intervening acts of a third party will not break the causal chain if those acts were reasonably foreseeable.

[36] In Massachusetts & Louisiana, cause of action for intentional infliction of emotional distress may succeed only if the defendant has intentionally inflicted severe emotional distress without privilege.

[37] It is elementary that the discretionary function exception does NOT immunize the government from liability for actions proscribed by federal statute or regulation. Nor does it shield conduct that transgresses Negligence.

[38] The weight of authority indicates that damage awards under the **FTCA 28 U.S.C.S. Sections 1346(b), 2671-2680,** are subject to clear-error review.
The standard of review, at least insofar as it pertains to awards of non-economic damages, is more nuanced. In that context, the appropriate standard of review actually has three facets.

(1) Raw findings of fact are reviewed for clear error.

(2) Claimed errors of law engender de novo review.

(3) The third facet of the standard of review relates to matters of judgment, which are reviewed for abuse of discretion.

These differentiated aspects of the standard of review are designed to operate in a synchronized fashion. Thus, in FTCA case that involves non-economic damages, and appellate court reviews facts found by the trial judge (such as the existence and nature of the harm suffered) for clear error. At the same time, the Court assays the reasonableness of the trial judge's monetization of the harm—a classic example of a judgment call—under an abuse of discretion standard. Within the rubric, the court evaluates the trial judge's assumption as to purely legal matters de novo.

[39] In an **FTCA, 28 U.S.C.S. Sections 1345(b), 2671-2680**, case both the nature of allowable damages and the measure of those damages are drawn from state law.

[40] There is no scientific formula or measuring device which can be applied to place a precise dollar value on matters such as restraint of freedom, fright, anxiety, loss of face, or emotional scarring.

[41] This corollary holds true with respect to damages for *emotional distress* and loss of consortium, both of which by their nature are difficult to monetize.

[42] The FTCA looks to state law to flesh out the elements of particular torts. See **28 U.S.C. Section 1346(b)(1);** Bolduc v. United States, 402 F.3d 50, 56, (1st Cir.2005). Here, both the tortuous conduct and harm complained of occurred in Louisiana at USP Pollock P.O. Box 2099 Pollock, La 71467 while Marino is in the custody, care & control of W.A. Sherrod & Legal Advisor Jodi Wampler United States Department of Justice Federal Bureau of Prisons when Marino's out going legal mail was *negligently* taken from Marino by Warden W.A. Sherrod & Legal Advisor Jodi Wampler on August 31, 2010, generating this Federal Tort Claim against the United States of America. Therefore Louisiana law supplies the beacon by which we must steer.

## Relief Requested

1. Petitioner Marino requests an *'evidentiary hearing'* on the negligence of the United States Government described & or Jury Trial.

2. An order of this Court ordering *Warden Sherrod & Counsel Jodi Wampler* to return Marino's 12" legal mail & outgoing manila envelope with over $6.00 in United States Postage Stamps attached with a certified mail tag & the complaint against Partners Health Care Systems Inc., legal work forthwith,

3. Allow Marino to receive discovery in the form of an MRI test exam to Marino's entire body, at Marino's expense under Fed.R.Civ.P. Rule 35 Medical Test Exam to show the locations of the implanted devices in Marino's body by those known & unknown to surgically remove the implanted devices from Marino's brain & body, to prevent further *"irreparable harm."*

4. And order the United States Department of Justice, Department of Defense, CIA, NSA, NASA, DARPA, DIA, Federal Bureau of Prisons, **to state whether Marino is suffering irreparable harm** from the implanted devices in Marino's brain & body on November 24, 1996 through present date, & or from the covert historic 1996 through present date 2011 governmental experiment conducted on Marino with the support of the United States Department of Justice & the Federal Bureau of Prisons.

5. Grant Plaintiff Marino an award of **$100,000** "just" for the government's *"negligence"* in confiscating Marino's legal mail/complaint described supra. Thus, ordering the United States Government to pay **$100,000** for the above described negligence by United States: Warden W.A. Sherrod & Legal Advisor Ms. Jodi Wampler United States of America, Department of Justice.

6. Allow Marino an opportunity to amend or supplement under Fed.R.Civ.P. Rule 15, this Federal Tort Claim or an opportunity to file another separate Tort Claim once the discovery of the implanted devices in Marino's brain & body are obtained so that Marino can sue for an additional *$300 Million Dollars* against those culpable United States Government Agencies, to further the administration of justice.

7. Order an *"independent counsel appointment"* to investigate & convene a federal grand jury, granting some defendants immunity from prosecution to further root out the truth in this case.

8. Grant any such other relief this Court deems appropriate.

Signed under 28 U.S.C. Section 1746, under the penalties of perjury the above to be true, correct & complete. Pro Per In Propria Persona Proceeding Sui Juris. **August 18th, 2011.**

*Respectfully Submitted By*
*Plaintiff/Clamant/Affiant:*

*Vincent Michael Marino*
*14431-038*
*USP Pollock*
*P.O. Box 2099*
*Pollock, Louisiana*
*71467*

## Certificate of Service

I, Plaintiff Marino hereby certify that this Federal Tort Claim was sent via United States Mail/Postage Prepaid on this **18th, day of August, 2011**, to the following:

**Ms. Latanau Scott**
**Clerk of Courts**
Clerk's Office Room 1225
United States District Court
District of Columbia
United States Courthouse
333 Constitution Avenue N.W.
Washington, D.C. 20001

**Ronald C. Machen Jr.**
**United States Attorney**
**District of Columbia**
U.S. Attorneys Office
501 Third Street N.W.
Washington, D.C.
20001

**Rhonda L. Campbell**
**AUSA Civil Division**
Room E-4412
555 Fourth Street N.W.
Washington, D.C.
20001

**Honorable Eric Holder** Room 4400
**United States Attorney General**
**U.S. Attorney General's Office**
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530

**Warden W.A. Sherrod**
**Legal Advisor Jodi Wampler**
**Federal Bureau of Prisons**
U.S. Department of Justice
USP Pollock
P.O. Box 2099
Pollock, Louisiana
71467

*Vincent Michael Marino*

15

*Exhibit 1*

BP-A402 058
AUG 1994  **CONFISCATION AND DISPOSITION OF CONTRABAND**

**U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS**

Andrew K Waugh Jodi: K. Wampler   USP Pollock
—————————————————————————————————————————
Signature/Printed Name of Staff Member Confiscating Property          Institution

| 1. Name: Marino, Vincent | 2. Register No.. 14431-038 | 3. Unit C-4 | 4. Date. 8-31-10 |
|---|---|---|---|

5. The contraband listed below was found in possession of, or in the living quarters of the above named inmate on 8-31-10 .
(Make a numerical list of contraband)

1. Approx 12" documents (pending investigation - some may be returned)

6. (To be completed by inmate) I have received a list of those items confiscated as contraband. I claim ownership of the following items (identify by from section 5 above): Nos. 1 . I am aware that a claim of ownership will not be accepted for any item of government property. With respect to my claimed personal property, I am aware that I have 7 days from receipt of this inventory to provide staff with evidence of my ownership of claimed items.

I, _____, received a copy of this inventory on  8-31-2010 .
        (inmate's signature)                                                      Date

7  Of the contraband listed in section 5 above, the inmate has established ownership for the following (identify by number from section 5 above):
Nos  1

Contraband, other than hard contraband, may be mailed at the inmate's expense to a destination of the inmate's choice. The institution may pay for the mailing when the inmate has insufficient funds and no likelihood of receiving new funds. Where the inmate is financially able to pay postage, but refuses, or fails to provide a mailing address for return of the property, the confiscated property will be disposed of through approved means, including destruction of the property.

I have read or had read to me the above information  I request the following action be taken in regards to my contraband property:

a ___ I request the property be mailed to: _____

_____ .  I agree to pay all mailing costs

    :              _____  Date: _____

b ___ I request the institution to pay mailing costs  I have insufficient funds in my institution account and do not expect to receive new funds. (The approval of the Warden or designee is required for the institution to pay postage)

Inmate's Signature : _____  Date: _____

c. ___ Other (specify, e.g , donate to institution)

Inmate's Signature , _____  Date: _____

8  The following contraband (identify by number from section 5 above) has been determined to be hard contraband for which no ownership has been established  The contraband has been disposed of by (indicate disposition/reason)

Nos _____

                                                              **FILED**
                                                              AUG 29 2011
Signature/Printed Name of Staff Member Determining Method of Disposal        Date
                                                              Clerk, U.S. District
                                                              Courts for the District...
Signature/Printed Name of Staff Member Disposing of Property        Date

When Property is Destroyed, Signature/Printed Name of Staff Witness        Date

(Replaces BP-402(58) of JAN 1983 )

*Exhibit*



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

*General Counsel's Office*                          *Washington, D.C.  20530*

FEB 1 9 2010

Vincent Michael Marino
#14431-038
FCI Ray Brook
P.O. Box 9003
Ray Brook, NY 12977

Dear Mr. Marino:

    This responds to your August 13, 2009 letter to the Attorney General of the United States, Eric H. Holder, Jr., in which you attempt to file a complaint against various federal, state, and local officials and a private corporation.  Because of the nature of your request, your letter was forwarded to the General Counsel's Office, Executive Office for United States Attorneys, Department of Justice (DOJ), for a response.

    Mr. Marino, according the court and agency documents you have provided, your allegations were previously addressed by the Office of Professional Responsibility of the DOJ, and the Office of Professional Responsibility of the Drug Enforcement Administration (DEA).  If you feel that the manner in which DOJ officials pursed this matter violated their authority, you may contact the DOJ's Office of the Inspector General (OIG), 950 Pennsylvania Avenue, NW, Room 4706, Washington, DC 20530.  Allegations of illegalities conducted by employees of the DOJ are investigated by the DOJ OIG.  The DEA should have its own separate OIG office.

    We are sorry we cannot be of further assistance in this matter.

                            Sincerely,

                            Jay Macklin
                            General Counsel

SUBJECT